## THE STATE v. THE NEW ORLEANS AND CARROLLTON RAIL ROAD COMPANY.

By the first section of the act of 1 March, 1836, amending the charter of the New Orleans and Carrollton Rail Road Company, it is provided that "the Company shall pay to the State, in ten equal annual instalments from the acceptance of the present act, seventy-five thousand dollars to be employed by the State for the completion of the Attakapas Canal through Lake Verret, whenever such improvements shall have been undertaken and the work actually commenced by the State, or by any Company legally chartered for the purpose." In an action, under this act, by the State, against the Company, who had accepted the act, for the instalments due: *Held*, that the State is entitled to recover, whether the works or improvements have been commenced or not; and that the defendants have nothing to do with the appropriation of the amount they contracted to pay.

A debtor does not, by the indication of another as the person to whom he is to pay, become the debtor of the latter; he continues to be the debtor of his original creditor.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius*, Attorney General, for the State.

*T. Slidell*, for the appellants.

SIMON, J. By the sixth section of an act of the legislature, entitled " An act to amend the act to incorporate the New Orleans and Carrollton Rail Road Company," approved on the 1st of April, 1835, it is provided, that, in case said Company do not build a certain rail road, which is the main object of the act of incorporation, in six years, then said corporation shall pay to the State a *bonus* of twenty thousand dollars annually, during the existence

The State v. The New Orleans and Carrollton Rail Road Company.

of its charter. Banking privileges were conferred on the Company, who, under the eleventh section of the act, became obligated. to construct and complete the rail road therein described, within six years from the time of its commencement, which was to be within two years from the opening of the books of subscription for the additional capital stock, under the penalty of losing all the extended powers, rights, and privileges granted to the Company by the amendatory act.

On the first of March, 1836, the legislature passed another act, at the request of the Company, amendatory of the act of 1835, by the first section of which it is provided, " that the sixth section of the act hereby amended, and such portion of the eleventh section thereof, as imposes a forfeiture of charter and other penalties, for not commencing the rail road in two years from the period therein defined, and not completing the same within six years from such commencement, are hereby repealed; provided, however, that in lieu of the aforesaid forfeiture and penalty, the Company shall pay to the State in ten equal instalments, from the acceptance of the present act, seventy-five thousand dollars, to be employed by the State for the completion of the Attakapas Canal through Lake Verret, whenever said improvements shall have been undertaken and the work actually commenced by the State, or by any Company legally chartered for that purpose; and the further sum of twenty-five thousand dollars to construct a rail road or causeway between the English Turn and such point opposite to the city of New Orleans, as may be determined by future legislation on this subject; provided, that if, within two years from the passage of this act, no Company be incorporated by the legislature for the construction of said rail road or causeway, the aforesaid sum of twenty-five thousand dollars shall go to the Treasury of the State."

The last recited act was duly accepted by the stockholders of the Company on the 16th of April, 1836; and the present suit, instituted on the 7th of April, 1842, is brought for the purpose of recovering the amount of the several instalments alleged to be due to the State, under the first section of the act of the first of March, 1836.

It is proper to remark, however, that the claim set up by the

State, is confined to the instalments which may be due on the sum of seventy-five thousand dollars, for the benefit of the Attakapas Canal Company; and that with regard to the twenty-five thousand dollars, relative to the English Turn Rail Road, it is alleged in the petition that it has been paid by the defendants, or that satisfactory arrangements for the payment thereof have been made, with a Company incorporated to construct a road between the English Turn and a point opposite the city of New Orleans.

The defendants first pleaded the general issue, and admitted their corporate capacity; but they further averred that, on the 6th of February, 1842, the legislature passed, with due approval, "An act to revive the charters of the several Banks located in the city of New Orleans, and for other purposes," which was accepted by the New Orleans and Carrollton Rail Road Company, immediately after its passage, and before the institution of this suit, for the purpose of voluntarily entering into liquidation; and that the defendants are now, and, since said acceptance, have been engaged in liquidation. They further deny their liability or indebtedness under the laws of the State, and especially those relating to their corporation, and the Attakapas Canal Company.

There was judgment below in favor of the State for the amount of five instalments, ($37,500,) from which judgment the defendants have appealed.

Certain admissions contained in the record, show that the amended charter of the Carrollton Bank, approved 1st March, 1836, was accepted by the stockholders on the 16th of April, 1836; that the act of the 5th of February, 1842, was also regularly accepted on the 7th of March, 1842; that the Bank is now engaged in liquidation under said act; and that the defendants made a compromise with the English Turn Company, this last admission, however, not to be understood as conceding that they were legally liable to said Company.

The claim of the State is resisted on three grounds. *First.* That under the first section of the act of 1836, the *bonus* therein mentioned, for the purpose of completing the Attakapas Canal through Lake Verret, cannot be demanded, as no such improvement or work, as was contemplated by the act, has ever been un-

dertaken, or actually commenced by the State, or by any Company legally chartered for that purpose.

*Second.* That under the 6th section of an act of the legislature, approved on the 20th of March, 1839, entitled "An act to incorporate the subscribers to the Attakapas Canal through Lake Verret," the President of said Company is alone authorized and empowered to claim the said *bonus* to the amount of twenty-five thousand dollars, so soon as the works shall have been commenced; that the State is, therefore, without any right of action; and that neither the President of the Company, nor any other person in his name, or for the benefit of the said Company, has any right of action, as the works therein mentioned have never been commenced.

*Third.* That under the provisions of the act of the 5th of February, 1842, the defendants, who have voluntarily accepted the said act for the purpose of liquidation, and who are now engaged in liquidation, and were so before the institution of this suit, are relieved from the payment of the *bonus*, claimed by the State in the present action.

I. From the terms of the first section of the law of 1836, above recited, which is the foundation of the claim set up in this suit by the State, it appears to us immaterial for the recovery of the amount sued for, whether the works and improvements therein alluded to, have ever been commenced or not. The *bonus* is to be paid to the State, in ten equal instalments from the acceptance of the act; and it is not, in our opinion, for the defendants to say, that the money proceeding from their obligation, has not been, or cannot be employed for the purposes therein provided. They have nothing to do with the use, or appropriation of the funds which they engaged to pay; for it is clear, from the simple fact of their having accepted the act, that they are to be considered as having impliedly promised to comply with its provisions, and as becoming bound to pay to the State, at the times therein specified, that amount, to be subsequently employed according to the provisions of the law. The appropriation of the money, or the manner in which it is to be used, cannot be viewed as a condition of the payment of the *bonus*; it only shows how it is to be employed after it is paid or collected, and, as its object is entirely foreign to

the purposes of the act out of which it arises, the defendants have nó interest in controlling the use of the funds, and cannot object to paying them to the State, according to the tenor of the obligation contained in their contract, and at the times therein stipulated.

II. The section referred to is in these words : " That so soon as the works shall have been commenced, the President shall be authorized to call upon and receive from the New Orleans and Carrollton Rail Road Company, the sum of twenty-five thousand dollars, in accordance with the provisions of an act, entitled ' An. act to incorporate the New Orleans and Carrollton Rail Road Company, and for other purposes,' approved March 1st, 1836, which sum the directors are hereby required to expend in furthering the object contemplated in the charter, and which sum shall be vested in said Canal in behalf of the State of Louisiana." This, in our opinion, contains nothing more than a power or authorization to receive, and is a mere indication made by the State of another person, (the New Orleans and Carrollton Rail Road Company,) who is to pay in its place. It may also be considered as being in the nature of an indication made by a creditor, (the State,) of a person, (the Attakapas Canal Company,) who is to receive for him (Civ. Code, art. 2190); and in such case, Pothier, Obligations, No. 569, considers the act as a *simple mandate*, and says : " *Le débiteur ne devient pas le débiteur de la personne à qui on lui indique de payer ; il demeure toujours le débiteur de l'indiquant.*" The State, therefore, never ceased to be the creditor of the defendants for the whole of the *bonus*, subject to a credit for such part thereof as might have been paid to the President of the Attakapas Canal Company, under the provisions of the act above recited ; but no payment being shown to have ever been made to the President, this ground of defence cannot, in our opinion, prevail.

III. The 7th section of the act referred to, provides " that any Bank, voluntarily or otherwise, entering into liquidation under this act, on its passage, or at any time thereafter, shall be relieved from the payment of any *bonus* to the State or corporations, *not yet due,* or from the further performance of any public work and improvement *not yet completed,* imposed by its charter," &c. This shows

sufficiently that the legislature never intended to relieve the Banks from the payment of any *bonus* which *was due* at the time of the passage of the act; and as the defendants owed then five of the instalments of the *bonus* sued for, we think the State is entitled to recover them to the amount liquidated by the judgment appealed from.

*Judgment affirmed.*